ERIC GRANT
United States Attorney
BRENDAN D. DALY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUPE MOSES DELGADO,

Defendant.

Case No: 1:26-CR-00116

STIPULATION BETWEEN THE UNITED STATES AND DEFENDANTS REGARDING PRODUCTION OF DISCOVERY; PROTECTIVE ORDER RE: SAME

WHEREAS, this Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d) and its general supervisory authority.

WHEREAS, the evidence in this case (including but not limited to law enforcement body-worn camera footage) (the "discovery") contains private personal identifying information regarding the defendants and other third parties, including but not limited to social security numbers, birth dates, residences. etc. as well as private financial information (such as bank and other financial records) regarding the defendants and other third parties;

WHEREAS, the parties desire to avoid (1) the unauthorized dissemination or distribution to anyone not a party to the court proceedings in this matter and (2) the risk of harm (financial and/or physical) to the individuals identified in those materials, including by dissemination of the discovery by defendants;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, the below-listed defendants, by and through their undersigned counsel of record ("Defense Counsel"), and the United States of America, by and through Assistant United States Attorney Brendan D. Daly, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to or made available to Defense Counsel in this case.

3. The discovery is for the exclusive use of defense counsel who are either assigned to or consulting on this case, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case ("the Defense"). The parties agree that the Defense may review the discovery with the defendant or other necessary third parties only in the presence of a member of the Defense and **may NOT provide a copy of the discovery to or leave a copy of the discovery with the defendant or other necessary third party. The defendant or other necessary third party may NOT retain copies of the discovery in any form, including but not limited to notes or photographs concerning the contents of the discovery.**

4. That if, in the course of preparing the defense counsel in this case, any member of the Defense seeks to leave a copy of any discovery item with any person outside of the Defense (such as to a necessary third-party or the defendant), counsel of record must meet and confer with the government before doing so, in an attempt to reach an agreement on the scope of the disclosure as well as any necessary redactions. If no agreement can be reached, defense counsel shall obtain written authorization from the Court, after providing the government with an opportunity to be heard and oppose. Any authorization given by the court shall require that any such person to whom the discovery is disclosed agrees to be bound by the terms of the Protective Order. That is, that the third party and/or the defendant who is permitted under separate court order to retain notes, copies, or photographs of the discovery shall be barred from sharing copies of those items of discovery with anyone other than the Defense.

5. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. ~~The discovery is now and will forever remain the property of the United States of America ("Government").~~ Defense Counsel will return the discovery to the Government or alternatively keep it archived within its sole possession at the conclusion of the case.

7-28-26 [initials] BDP 7-29-26

6. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons (or even the defendant) in violation of this agreement.

7. Defense Counsel shall be responsible for advising the Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8. In the event that Defendant substitutes counsel, undersigned Defense Counsel agrees to return the discovery to the government, or, at the request of government counsel, to forward it to new counsel after new counsel has confirmed to government counsel in writing his or her agreement to the terms of this Order.

9. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO STIPULATED.

Dated: 7.28, 2026

By: /s/ Scott Quinlan
SCOTT QUINLAN
Attorney for Defendant
DELGADO

Dated: July 23, 2026

ERIC GRANT
United States Attorney

By: /s/ BRENDAN D. DALY
BRENDAN D. DALY
Assistant U.S. Attorney

IT IS SO ORDERED.

Dated: July 29, 2026

Hon. FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE